IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00692-WDM-MEH

JUDITH K. FLOM AND DAVID J. FLOM,

    Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE CO.,

    Defendant.

_____

## AMENDED ORDER TO REMAND
_____

This matter is before me on plaintiffs' Motion to Remand (docket no. 10) pursuant to 28 U.S.C. § 1447(c). This case had been pending in Boulder County since January 10, 2003. An order by the trial court severed this case from several other claims and directed plaintiffd to file amended complaint in the severed proceeding. Defendant then removed the severed case to this court claiming it was entitled to do so as a new action triggering the opportunity for removal pursuant to 28 U.S.C. § 1446.

This identical issue has been resolved in favor of plaintiffs by several of my colleagues. *See* 06-cv-00550-REB-MEH, *Briggs v. Geico General Insurance Co.*; 06-cv-00558-LTB-CBS, *Thacker v. Farmers Insurance Exchange, et al.*; 06-cv-00530-MSK-PAC, *Toutant v. Nationwide Mutual Insurance Co.*; 06-cv-00529-MSK-CBS, *Robbins v. Amica Mutual Insurance Co.; 06-cv-00551-WYD-MEH, Gall v. Government Employees Insurance Co.*; and 06-cv-00531-WYD-MEH, *Lally v. Country Mutual*

*Insurance Co.* I agree with my colleagues that the severance and filing of the amended complaint did not permit removal under the Class Action Fairness Act of 2005 (CAFA). As the Tenth Circuit has ruled, CAFA does not apply to pending state court cases at the time of its enactment. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1096-97 (10th Cir. 2005). The severance and amended complaint relate back to the original filing date in 2003 which antedates the CAFA effective date in 2005. Accordingly, plaintiffs' motion to remand should be granted.

Plaintiffs also seek an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) which permits such an award. It has now been established that attorneys' fees under § 1447(c) should only be awarded if it is shown that there was no objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). Although one might question defendant's persistence in maintaining its opposition to the motion to remand given several adverse rulings, at the time of defendant's removal there was no binding or persuasive authority that would make its argument objectively unreasonable. Accordingly the request should be denied.

It is therefore ordered:

1. Plaintiffs' motion to remand (docket no. 10) is granted;

2. Plaintiffs' request for attorneys' fees and costs is denied; and

3. The Clerk of the court shall remand this case to the district court of Boulder County, Colorado.

DATED at Denver, Colorado, on November 6, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge